McIntyre v. Knowlton.

## ASHA McINTYRE *vs.* JOHN S. C. KNOWLTON.

ct that a husband works upon land which is the sole and separate property of his v. .1e does not make the crop raised the property of the husband, or liable to be taken on execution for his debts, he not being tenant of the land, nor entitled by agreement to any interest in the crop, and there being no proof of any intent to delay or defraud his creditors.

TORT against the sheriff of Worcester for the conversion by one of his deputies of certain hay.

At the trial in the superior court, before *Vose*, J., the plaintiff introduced evidence to show that she was formerly the wife of William Jefferson, who died in 1856; that certain land in Douglas was set out to her in August 1857 as her dower; that in December 1859 she purchased the reversion of the land and paid for the same out of her own money, and took a conveyance thereof to herself; that after the time when the land was set out to her as dower she was in possession and had the control thereof; that in May 1858 she married Marcena McIntyre, a hired man who had previously labored on her farm, to whom she paid his wages at the time of the marriage; that " at the time of the marriage it was agreed between them that after

marriage he was only to have his board and clothing and a home with the plaintiff at her expense, and nothing more;" that he thereafter continued to work on the farm and helped to cultivate it like any hired man ; that the plaintiff bought and sold everything which was bought for or sold from the farm, and directed as to the mode of carrying it on ; that in October 1859 a deputy of the defendant, by virtue of an execution against Marcena, levied upon and sold about seven tons of hay then in a barn on the premises, which had been cut from the farm the preceding season, and which Marcena had assisted in raising and making ; and that the plaintiff at the time of the levy notified the deputy that she claimed to own the hay, and forbade his taking it.

The defendant offered no evidence, and contended that upon the foregoing evidence the hay was the property of Marcena ; but the judge declined so to rule, and instructed them that upon this evidence the hay was the property of the plaintiff. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*S. A. Burgess*, for the defendant.

*P. E. Aldrich*, for the plaintiff.

HOAR, J. The plaintiff's estate in dower in the land upon which the hay grew, which the defendant seized, was her property before her marriage in 1858. By the statutes of 1855 and 1857, that estate, with its rents, income and profits, was secured to her as her sole and separate property, and was not liable for the debts of her husband. The reversion of the same estate, which she purchased in 1859, was acquired in like manner as her sole and separate property. The hay made upon the land was a part of the income and profits of the land. She carried on and managed the farm. Her husband worked upon the land, under her direction, and received his support as an equivalent for his labor. The defendant offered no evidence to show that his labor was worth anything more. The question, then, which was presented at the trial, was simply this : Whether, if a husband does work upon his wife's separate property, which increases its value, receiving a compensation from her for his

labor which does not appear to be unreasonable, the property will thereby become his, so that it can be taken by attachment at the suit of his creditors. Very clearly, as it seems to us, there is no such change of property effected. None was intended or agreed to by the parties. Whether any could arise by legal intendment, or be created by estoppel, if the acts of the parties were fraudulent, we need not now determine, because there were no facts proved which showed that anything was done by the husband with a view to delay or defraud his creditors, or that they were actually defrauded. He must have applied his earnings to his own support in the first place, if he had worked for some one else, before there would have been anything left for creditors.          *Exceptions overruled.*